IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SAM SPICER**, *et al.*, | : | Case Number: 1:10cv450 |
| | : | |
| Plaintiffs, | : | Chief Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING UNION |
| | : | DEFENDANTS' MOTION TO DISMISS |
| **FORD MOTOR COMPANY**, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

This matter is before the Court on the Motion to Dismiss of Defendants International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and its Amalgamated Local 863 ("Local 863") (doc. 4). Plaintiffs Sam Spicer and Nick Wilson are manufacturing technicians who formerly worked for Ford Motor Company ("Ford") at its transmission plant in Batavia, Ohio. During their employment at Ford, Plaintiffs were represented for collective bargaining purposes by the UAW and Local 863. Plaintiffs assert a hybrid claim under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 158. They assert that Ford, with the acquiescence of the UAW and Local 863 (collectively "Union Defendants"), breached the terms of the Ford-UAW Collective Bargaining Agreements ("CBAs") of 2003 and 2007. Plaintiffs also claim that the UAW and Local 863 breached their respective duties of fair representation owed to them. The Union Defendants move to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the Union Defendants' motion to dismiss will be GRANTED.

1

**BACKGROUND**[1]

Plaintiffs Spicer and Wilson worked as manufacturing technicians at the Ford transmission plant in Batavia, Ohio beginning in 2004. Three years later, both Plaintiffs accepted a "Special Termination of Employment" incentive from Ford that included a substantial cash payment, and they voluntarily terminated their employment effective January 1, 2007. Then, on April 16, 2007, Plaintiffs were among eighty employees who were called back to work at Ford. When Plaintiffs returned to work in April 2007, Ford labeled them as Super Temporary Part Time Employees ("Super TPTs"). Super TPT is not an employee designation under the Ford-UAW CBA.[2] The CBA does include a Temporary Part Time ("TPT") designation; TPTs can only work two days a week.

Upon their return to work, Plaintiffs worked continuously[3] from April 16, 2007 through June 13, 2008. According to Plaintiffs, "this work period of over one year gave them protective status for the duration of the CBA, for the purposes of provisions governing 85% pay, seniority, benefits, preferential placement as full-time Ford employees." (Compl. ¶ 2.) Plaintiffs believe they were entitled to these full-time employee benefits because language in the CBA provides that an employee with three months of continuous employment within the year following the

---

[1] For the purposes of resolving Defendants' Motion to Dismiss, the Court accepts the allegations in the Complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Background facts are drawn from the Complaint and attachments thereto.

[2] Although Plaintiffs allege the existence of both a 2003 CBA and a subsequent 2007 CBA between Ford and the UAW, they consistently refer simply to "the CBA" in their Complaint and do not specify which CBA they are relying on.

[3] Plaintiffs do not so specify, but the Court surmises that "work[ed] continuously" means that Plaintiffs worked more than two days per week.

date of hire or rehire acquires seniority as of the date he was hired or last rehired, whichever is later. (Compl. Ex. 4.)

Plaintiffs assert that they did not waive any rights to seniority and recall to which they were otherwise entitled under the 2003 CBA and the subsequent 2007 CBA. Defendants, on the other hand, assert that because Plaintiffs had taken the incentive program in 2007 and were classified as Super TPTs upon their rehire, they were not entitled to acquire seniority.

On February 11, 2008, Spicer and Wilson filed a grievance alleging that Ford breached the terms of the CBA by not affording them the seniority and recall rights to which they were entitled as full-time employees. (Compl. Ex. 1.) On April 21, 2008, Plaintiffs filed a second-stage grievance record on the same issues. (Compl. Ex. 2.) Then, at the third stage of the grievance procedure, the UAW, acting through its Regional Servicing Representative, withdrew the grievances. Through correspondence dated January 29, 2009, Plaintiffs learned that the international representative had withdrawn their grievances "without Precedence or Prejudice." (Compl. Ex. 3.)

After receiving notice that their grievances had been withdrawn, Plaintiffs processed an internal appeal pursuant to the UAW Constitution.[4] Pursuant to Article 33 of the UAW Constitution, there are three levels of appeals: "FIRST, to the membership or delegate body immediately responsible for the official, officer, action or decision under challenge; SECOND, to the International Executive Board, unless the appeal begins there; and THIRD, to the

---

[4] Plaintiffs state in their Complaint that "[t]he relationship of Plaintiffs Spicer and Wilson and the Defendant UAW are subject to the terms of the Constitution of the UAW." (Compl. ¶ 23.) Because Plaintiffs state that the UAW Constitution is relevant to their claims, the Court may consider it as within the pleadings in ruling on a Rule 12(b)(6) motion. Fed. R. Civ. P. 12(d). Defendants attached the UAW Constitution to their motion to dismiss. (Doc. 4-2.)

3

Convention Appeals Committee or Public Review Board, as may be appropriate." (UAW Constitution, Art. 33 § 2 (doc. 4-2).) Plaintiffs pursued their appeal through the International Executive Board ("IEB"), or second, level. (Compl. Ex. 5.) Following a hearing on October 12, 2009, the IEB denied Plaintiffs' appeal by a written decision issued on January 26, 2010. (*Id*.) As grounds for denying the appeal, the IEB relied on three documents: an October 9, 2006 Memorandum; a letter dated February 1, 2007; and an April 13, 2007 Addendum to Memorandum of Understanding between Ford and the Union Defendants. (*Id*.) The IEB concluded that these documents modified the CBAs and that Super TPTs, including Plaintiffs, were not entitled to accrue seniority. (*Id*.)

The final decision by the IEB denying Plaintiffs' grievance was issued on January 26, 2010. Plaintiffs filed this lawsuit on July 8, 2010. Plaintiffs assert that they have processed and pursued all administrative remedies available to them. Plaintiffs additionally assert that they have processed and pursued the UAW's internal appeal procedures and have not been provided with any relief.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A district court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc*., 108 F.3d 86, 88 (6th Cir. 1997). However, this tenet is inapplicable to legal conclusions, or legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

To withstand a dismissal motion, a complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions [or] a formulaic recitation of

the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

**DISCUSSION**

The Union Defendants move this Court to dismiss Plaintiffs' claims against them on three grounds: that Plaintiffs (1) did not file their Complaint within the applicable three-month statute of limitations, (2) did not exhaust mandatory internal union remedies, and (3) can prove no set of facts entitling them to relief for breach of the duty of fair representation. The Court will first consider Defendants' argument that Plaintiffs have failed to exhaust mandatory internal union remedies and that their claims must therefore be dismissed.

In general, an employee seeking relief pursuant to § 301 must attempt to exhaust the internal union appeals procedures established by his union's constitution before he may maintain a suit against his union or employer. *Clayton v. Auto. Workers*, 451 U.S. 679, 685 (1981). However, "courts have discretion to decide whether to require exhaustion of internal union procedures." *Id.* at 689. Plaintiffs in this case claim both (1) that they exhausted the Union's internal appeal procedure and (2) that pursuing the internal appeal procedure would be futile. The Court will examine both these contradictory assertions.

### 1.  Plaintiffs claim they exhausted internal appeals

Plaintiffs claim that they exhausted the appeals process, stating that they "have processed and pursued the UAW's Internal Appeal procedures and has [sic] not been provided with any relief." (Compl. ¶ 46.)  Article 33 of the UAW Constitution specifies that an appeal to the IEB is the second level of appeal and that the third and final level of appeal is to either the Convention Appeals Committee or Public Review Board.  UAW Constitution Art. 33 § 2.  In this case, Plaintiffs followed the UAW Constitution's appeals procedure through the IEB level, and the IEB denied the appeal.  The remaining step in the UAW Constitution's appeal procedure was an appeal to the Convention Appeals Committee or the Public Review Board.  However, Plaintiffs did not attempt to appeal to that final level but instead initiated this proceeding in federal district court.

Despite these facts, Plaintiffs state that "[t]here was no other procedure or administrative remedy available to the Plaintiffs following the issuance of this decision [from the IEB]." (Doc. 20 at 7.)  Plaintiffs acknowledge in Complaint that the Public Review Board is empowered to hear complaints from union members concerning decisions reached by the UAW or the Local. (Compl. ¶ 46.)  Nowhere in their Complaint do Plaintiffs explain why they did not seek relief from the Public Review Board.

Because Plaintiffs acknowledge in their Complaint that they are bound by the UAW Constitution (Compl. ¶ 23) and that the PRB is empowered to hear complaints such as Plaintiffs (*id.* ¶ 46), the Court need not accept as true Plaintiffs' assertion that there was no other appeal procedure available to Plaintiffs following the decision of the IEB.  *Twombly*, 550 U.S. at 555 ("[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'")

6

Taking Plaintiffs' own allegations at face value, the Court concludes that they did not exhaust internal union appeal procedures.

### B. Plaintiffs claim that exhaustion was futile

Because Plaintiffs did not exhaust the internal union appeal procedures, the Court must determine whether they have made factual allegations that render plausible their claim that they should be excused from this failure.  The Supreme Court has specified three relevant factors for a court to consider when deciding whether to excuse a plaintiff's failure to exhaust internal union procedures:

> *first*, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; *second*, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301; and *third*, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim. If any of these factors are found to exist, the court may properly excuse the employee's failure to exhaust.

*Id*. (emphasis added).

Plaintiffs broadly allege that "Defendant UAW International and Defendant UAW Local 863 have refused to honor Plaintiff's . . . recall rights and seniority rights" and that "[i]t would be futile to require the other Plaintiffs to use the union's internal appeal procedure in an effort to enforce their recall rights and/or to enforce their seniority rights."  (Compl. ¶¶ 47-48.)  The only "facts" pled in support of this allegation are the following: Defendants ignored Plaintiffs' February 11, 2008 grievances (*id*. ¶ 5), the UAW "pulled" the grievance alleging it had no merit (*id*. ¶ 28), Defendants failed to proceed and/or have unreasonably delayed the processing of the grievances (*id*. ¶ 36), and Plaintiffs have pursued the internal appeals procedure and have not

been provided with any relief (*id.* ¶ 46).  These bare allegations, without more, are insufficient to demonstrate a plausible claim that Plaintiffs' failure to exhaust internal union remedies was excusable under the precedent of *Clayton* and its progeny, which requiring a showing of hostility, inadequacy, or delay.

"In order for hostility to excuse exhaustion, hostility must exist at every level of the appeals process.  An employee has a duty to pursue an appeal with the union even when told at the local level that an appeal would bring no benefits."  *LaPerriere v. UAW*, 348 F.3d 127, 131 (6th Cir. 2003) (citing *Monroe v. UAW*, 723 F.2d 22, 26 (6th Cir. 1983)).  Plaintiffs do not allege that the UAW or Local 863 officials were hostile.  Neither do Plaintiffs allege that the internal appeals procedures were inadequate to grant them the relief they sought.  In fact, Plaintiffs allege in their Complaint that the PRB "is empowered to hear complaints from union members of decisions reached by UAW or Local Union officials."  (Compl. ¶ 46.)  Indeed, the CAC and PRB are authorized to order the processing of a grievance which was wrongfully disposed.  *Wagner v. Gen. Dynamics*, 905 F.2d 126, 129 (6th Cir. 1990) ("[t]he availability of grievance reinstatement through appeal to the PRB mandates exhaustion and renders consideration of the availability of full relief unnecessary under *Clayton*."); *see also Knighten v. Gen. Motors Corp.*, No. 07-2559, 2009 WL 332821, at *3 (6th Cir. Feb. 12, 2009).  Finally, Plaintiffs fail to allege that exhaustion of the internal appeals procedure would have unreasonably delayed their opportunity to obtain a judicial hearing on the merits of their claim.  The Court cannot in this instance and at this juncture excuse Plaintiffs' failure to exhaust the internal appeal process set forth in the UAW Constitution because Plaintiffs have failed to allege any facts to support a claim that their failure to exhaust should be excused.

Unions have a right to prescribe a variety of internal procedures for reviewing claims of their members.  *Hrometz v. Local 550, Int'l Ass'n of Bridge Constr. and Ornamental Ironworkers*, 227 F.3d 597, 602 (6th Cir. 2000) (citing *Geddes v. Chrysler Corp.*, 608 F.2d 261, 264 (6th Cir. 1979)).  The appropriate enforcement mechanism for the exhaustion requirement is for a court to exercise its discretion to dismiss the suit of a union member who has failed to exhaust internal union remedies.  *Id*.  The Court in this case does just that.[5]

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss (doc. 4) is GRANTED without prejudice.[6]

IT IS SO ORDERED.

                s/Susan J. Dlott
                Chief Judge Susan J. Dlott
                United States District Court

---

[5]  Because the Court finds that there is merit to Defendants' argument that Plaintiffs failed without excuse to exhaust internal union remedies, the Court does not address the merits of Defendants' other arguments in support of a dismissal.  *See Wagner*, 905 F.2d at 129 n.6 ("Because we find that dismissal for failure to exhaust internal union procedures is appropriate as a threshold matter, we need not reach the various other seemingly meritorious grounds asserted by the defendants in support of dismissal.")

[6]  "[W]hen a hybrid § 301 action is dismissed for failure to exhaust internal union remedies, the dismissal is without prejudice." *Howell v. Gen. Motors Corp.*, 19 F. App'x 163, 167 (6th Cir. 2001).